

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> LN MANAGEMENT LLC SERIES 3085 CASEY 201, <br><br> Defendant-Appellant, <br><br> and <br><br> CANYON WILLOW OWNERS ASSOCIATION, <br><br> Defendant. | No.   18-15562 <br><br> DC No. CV 16-0203 JCM <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 9, 2019[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Before: FERNANDEZ, TASHIMA, and OWENS, Circuit Judges.

LN Management LLC, Series 3085 Casey 201 ("LN Management"), appeals the district court's grant of summary judgment to the Federal National Mortgage Association ("Fannie Mae") in a case concerning a foreclosure on a property which Fannie Mae claims it owns. Fannie Mae filed this lawsuit seeking declaratory relief and quiet title after a homeowners' association ("HOA") made a foreclosure sale on the property without Fannie Mae's consent, allegedly in violation of the Federal Foreclosure Bar. *See* 12 U.S.C. § 4617(j)(3) ("No property of the Agency shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency.").

The district court granted summary judgment for Fannie Mae on its declaratory relief and quiet title claims. LN Management argues that the district court erred because Fannie Mae did not have an ownership interest in the property at the time of the foreclosure sale, in which case the Federal Foreclosure Bar would not apply. A district court's decision to grant summary judgment is reviewed de novo. *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017).

2

There was no genuine dispute as to whether Fannie Mae had an ownership interest in the property at the time of the HOA foreclosure sale. The Trustee's Deed Upon Sale clearly states that Fannie Mae purchased the property on November 28, 2012, prior to the HOA foreclosure sale. The Trustee's Deed Upon Sale also identifies Fannie Mae, who was the highest bidder at the sale, as the "Grantee" and the "Beneficiary" of the sale. This is straightforward evidence of Fannie Mae's ownership interest in the property on November 28, 2012, well before the HOA foreclosure on February 2, 2013.

LN Management did not point to any evidence that creates a genuine factual issue regarding Fannie Mae's ownership. LN Management is incorrect in arguing that documents show that Green Tree Servicing ("GTS") instead owned the property. GTS was Fannie Mae's servicer and agent, and Fannie Mae does not need to be listed on the Notice of Default as the "beneficiary of record of the Deed of Trust" or the "holder of the note secured by the Deed of Trust" in order to have an ownership interest in the property. *See id.* at 932. Furthermore, the Declaration of Sale to Beneficiary that LN Management introduced provides no support for the theory that GTS, not Fannie Mae, took ownership of the property at the auction When read together with the description of Fannie Mae as the "Beneficiary" in the

3

Trustee's Deed Upon Sale, it reinforces that Fannie Mae took ownership of the property at the November 28 auction.

**AFFIRMED.**